**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1602
_____

RICHARD D. TURZAI,

Appellant,

v.

CITY OF PITTSBURGH; ROBYN L. BOTTESCH,
Individually and as an officer for the City of Pittsburgh;
JOSEPH REIFF, Individually and as an officer for the City of Pittsburgh;
THOMAS HENDERSON, Individually and as an officer
for the City of Pittsburgh;
MATHEW TURKO, individually and as an officer
for the City of Pittsburgh;
GEORGETTE A. SCAFEDE, Individually and as an officer
for the City of Pittsburgh

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 08-cv-01740)
District Judge: Honorable Joy Flowers Conti
_____

Submitted Under Third Circuit LAR 34.1(a)
December 13, 2011

Before:  SLOVITER and VANASKIE, *Circuit Judges*
and STENGEL,* *District Judge*

(Opinion Filed: January 13, 2012)

*Honorable Lawrence F. Stengel, United States District Court for the Eastern District of
Pennsylvania, sitting by designation.

_____

OPINION OF THE COURT
_____

STENGEL, *District Judge*.

This is an appeal from the District Court's grant of summary judgment in favor of the City of Pittsburgh, et al., on Richard Turzai's claims against all defendants under 42 U.S.C. § 1983 for deprivation of liberty without due process of law, malicious prosecution, and violation of his First Amendment rights, and against the individual defendants under Pennsylvania law for malicious prosecution, false arrest, invasion of privacy, and illegal detention. The District Court granted the defendants' motion for summary judgment with respect to all federal question claims and dismissed the plaintiff's remaining claims arising under Pennsylvania law after declining to exercise supplemental jurisdiction. We will affirm.[1]

Because we write primarily for the parties, we need not discuss the facts or procedural history of this case.

_____

[1]The District Court had jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291. "Our standard of review applicable to an order granting summary judgment is plenary." *Nasir v. Morgan*, 250 F.3d 366, 368 (3d Cir. 2003). When the moving party is entitled to judgment as a matter of law, with the facts viewed in the light most favorable to the non-moving party, we may affirm the order of the District Court. *Nicini v. Morra*, 212 F.3d 798, 805-06 (3d Cir. 2000).

Turzai first contends that the District Court erred in granting summary judgment regarding Turzai's malicious prosecution claims because the District Court did not consider all of Turzai's contentions as they applied to his first arrest for criminal trespass and simple mischief, which he asserts lacked probable cause. Specifically, Turzai maintains that the arrest warrant prepared by Detective Bottesch does not establish probable cause because it omitted a property survey that created conflict over the ownership of the disputed property. Yet, Turzai acknowledges that Bottesch was unable to obtain a copy of the survey despite her unsuccessful attempts to meet with Turzai at his residence prior to obtaining the arrest warrant. We agree with the District Court that the detective's failure to consider Turzai's survey or mention it in the affidavit does not negate probable cause for the charges. Bottesch interviewed neighbors who witnessed Turzai urinating on the side of Berard's home on two separate occasions and posting distasteful signs on her porch. The District Court did not err in finding that the circumstances known to Bottesch would warrant a reasonable officer to believe that it was more likely than not Turzai committed the crime of simple trespass and criminal mischief. Those reasonable beliefs alone are enough to establish probable cause and would not be negated if Bottesch unearthed the elusive property survey and included reference to an alleged boundary dispute in the arrest warrant.

Furthermore, Turzai's argument that the District Court failed to understand Turzai's state law claims, much less consider them, is inherently flawed. The District Court did not examine Turzai's state law claims because it dismissed those claims without prejudice after declining to exercise supplemental jurisdiction. The District

3

Court considered the facts underlying those claims insofar as they created issues of fact with regard to Turzai's federal claims. Turzai's rebuke of the District Court for its failure to acknowledge an additional state law claim against Bottesch is unintelligible given the Court's discretion to decline to exercise jurisdiction over those state law claims.

Still with regard to the first arrest warrant, Turzai also contends that the District Court erred in granting summary judgment regarding Turzai's malicious prosecution claim because the charge of stalking was not supported by probable cause. Turzai asserts that the first arrest warrant "entirely omits the undisputed fact that Berard never feared bodily injury, and that she never suffered severe emotional distress" as required for the charge of stalking. Appellant's Brief at 31. However, the District Court properly found that Berard feared bodily injury. Her repeated reports to police outlined an ongoing, childish, but escalating, property dispute. By his own admission, Turzai posted signs that could reasonably be viewed as intending to cause Berard substantial emotional distress. We find the District Court did not err in finding that the charge of stalking was supported by probable cause.

In addition, Turzai argues that omissions and misrepresentations eliminated probable cause for all three charges. We are unpersuaded by Turzai's various contentions. The District Court appropriately did not draw an unwarranted inference from the allegation that Berard had a personal relationship with a police officer who was not involved in the proceedings against Turzai. Moreover, the District Court correctly found that even removing the various alleged misrepresentations and adding alleged omissions to the affidavit, probable cause still existed. Finally, the Appellant

4

misconstrues Berard's personal interactions with the Magistrate Judge, attempting to cast doubt on the impartiality of the proceedings. We find these arguments unavailing and the District Court correctly did not draw unreasonable inferences from Turzai's unsubstantiated allegations.

Next, Turzai argues that the District Court erred when analyzing Turzai's second arrest for retaliation against a witness. Turzai alleges that Officer Scafede maliciously prosecuted him and deprived him of liberty without due process of law when he filed an affidavit of probable cause seeking to charge him with retaliation. We have cautioned that "[t]he probable cause determination is to be made only after considering the totality of the circumstances, which requires courts to consider the cumulative weight of the information set forth by the investigating officer in connection with reasonable inferences that the officer is permitted to make based upon the officer's specialized training and experiences." *United States v. Yusuf*, 461 F.3d 374, 390 (3d Cir. 2006) (citing *United States v. Arvizu*, 534 U.S. 266, 275 (2002)). Here, Scafede's affidavit of probable cause detailed an interaction in which Turzai told Berard "you can't have me thrown in jail and get away with it." Scafede was aware of the escalating dispute after her review of prior police reports and the no-contact order that she believed applied to both Turzai and Berard. The District Court did not err in its finding that the totality of the circumstances, including the police reports documenting the un-neighborly feud as well as Scafede's multiple conversations with Berard, Turzai, Mr. and Mrs. Buck, Novak, and the Magistrate Judge, led Scafede to the reasonable conclusion that plaintiff probably

5

committed the crime of retaliation against a witness. Thus, the District Court correctly found that there was probable cause to arrest Turzai for retaliation against a witness.

Finally, Turzai contends that the police officers in this case are not entitled to qualified immunity and the City is liable under the doctrine of municipal liability. The District Court found that, even if the plaintiff could establish a constitutional violation, the defendants were entitled to qualified immunity because the plaintiff did not set forth sufficient evidence to show that it would have been clear to a reasonable officer what the law required under the facts alleged. We need not discuss Turzai's qualified immunity argument because the plaintiff failed to show probable cause was lacking and, therefore, cannot establish a constitutional violation by any individual defendant.

Based on the foregoing, we will affirm the District Court's grant of the defendants' motion for summary judgment.